# WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
whitecase.com

Direct Dial + 1 212 819 8250  jpacc@whitecase.com

September 16, 2014

RECEIVED SEP 16 2014 JUDGE SWEET CHAMBERS

*Treat as an order to show cause for docketing a temporary sealing order to be heard at 10 am 9/17 Courtroom 18 C*

*So ordered*
*RWS USDJ*
*9-16-14*

VIA FACSIMILE

The Honorable Robert W. Sweet
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *The People of the State of New York v. Actavis, PLC and Forest Laboratories, LLC*
14 cv 7473 (S.D.N.Y.)

Dear Judge Sweet:

We represent Defendants Actavis, PLC and Forest Laboratories, LLC in the above-referenced matter. We write to notify the Court of a dispute between the parties concerning the confidential nature of documents and testimony cited and quoted verbatim in the Complaint filed last night in this matter by the New York Attorney General Antitrust Bureau (the "Bureau"). Defendants intend to move the Court to seal the Complaint so that the parties can prepare a redacted public version protecting Defendants' competitively-sensitive information. Pending the resolution of Defendants' forthcoming motion to seal, Defendants request that the Court enter a temporary sealing order preventing the unredacted copy of the Complaint from being posted on the public docket, or otherwise disclosed to the public, including the press.

On February 18, 2014, the Bureau opened an investigation into Forest's business plans regarding the pharmaceutical product NAMENDA, a twice-a-day therapy to treat Alzheimer's disease. Forest fully cooperated with the Attorney General's investigation, and produced over 1.7 million pages of documents, three executives to provide investigational testimony, written interrogatory responses, and additional items the Bureau requested informally. Forest produced this information designated as "Highly Confidential" and requested that, if any of the produced information was used in any proceeding, that it be filed under seal. The Bureau confirmed that Forest's documents would be treated confidentially, including in an April 4, 2014 e-mail responding that, "pertaining to [Forest's] concerns about protections for trade secrets and commercially sensitive information, New York's Freedom of Information Law expressly

ALMATY ANKARA ASTANA BEIJING BERLIN BRATISLAVA BRUSSELS BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG HELSINKI
HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MADRID MEXICO CITY MIAMI MILAN MONTERREY MOSCOW MUNICH
NEW YORK PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SILICON VALLEY SINGAPORE STOCKHOLM TOKYO UAE WARSAW WASHINGTON, DC

NEWYORK 9334440

The Honorable Robert W. Sweet

WHITE & CASE

September 16, 2014

exempts such material from disclosure – as well as information compiled for law enforcement purposes, e.g., during investigations by our office." (A highlighted copy of the April 4, 2014 email is attached hereto.)

Last evening, however, the Bureau filed publicly an unredacted copy of its Complaint relating to this investigation, and the Bureau's Complaint quoted highly confidential documents and testimony provided by Forest during the investigation. We immediately notified the Bureau of our confidentiality concerns and requested that the Complaint be filed under seal so that any competitively-sensitive information could be redacted from the public version of the Complaint. The Bureau requested that we identify Forest's proposed redactions by 10 a.m. this morning, and we provided the proposed redactions to the Bureau at 11:36 p.m. last evening. Earlier today, the Bureau notified us that they would not agree to re-file the Complaint under seal and instead indicated that, if Forest was unable to obtain a Court order sealing the Complaint **by 2:30 p.m. today**, then they would provide copies of the Complaint to any third parties who request a copy. We note that the Complaint has not been posted to the Court's public filing system.

In light of the above, Defendants intend to move this Court to seal the Complaint. If the Court agrees that the Complaint should be sealed, then Defendants promptly would work with the Bureau to prepare a redacted version of the Complaint to be filed publicly. Defendants will be prepared to submit their motion to seal and supporting memorandum within 24 hours. Pending the resolution of Defendants' motion to seal, Defendants respectfully request that the Court enter a temporary Order sealing the Complaint.

We are available to discuss this matter further at the Court's convenience.

Respectfully submitted,

Jack E. Pace III

Cc: Eric J. Stock, Esq.
    Elinor R. Hoffman, Esq.
    Saami Zain, Esq.
    Karla G. Sanchez, Esq.

Attachment

Pace, Jack

**From:** Saami Zain <Saami.Zain@ag.ny.gov>
**Sent:** Friday, April 04, 2014 7:16 PM
**To:** Moore, Charles; Elinor R. Hoffmann
**Cc:** Carney, Peter J.
**Subject:** RE: Forest Laboratories, Inc. -- Proposed HIPAA Stipulation

Counsel: Thank you for your response and comments. We look forward to receiving the following next week: HSR documents filed by Forest and Actavis, communications responsive to #2a of the subpoena, training materials and presentations to the Board relating to the Namenda XR switch and discontinuation of Namenda IR, NDAs, list of proposed custodians, and a list of Forest employees whom communicate with health care providers in New York concerning issues related to the Namenda XR forced switch.

We confirm the call on Friday April 11, at 3pm to discuss custodians and search terms. Please call Elinor at that time (212-416-8269). Will someone on the call Friday be able to discuss Forest's email system, including what system it uses currently and backup/preservation/retention/deletion issues? If so, I will invite an IT person on our end. (Otherwise, we can discuss such matters on a later call in the near future). While we believe having proposed search terms prior to the call would make the call more efficient and help to prevent delay, if you are unable to do so, we will certainly discuss search terms during the call. In any event, we expect to finalize custodians and search terms no later than the following week (by 4/18), so as to be able to proceed promptly with this investigation.

Finally, pertaining to your concerns about protections for trade secrets and certain commercially sensitive information, New York's Freedom of Information Law expressly exempts such material from disclosure – as well as information compiled for law enforcement purposes, e.g., during investigations by our office. N.Y. Public Officer Law 87(2)(d), (e).

We appreciate your cooperation.

Regards,

Saami Zain
Assistant Attorney General
Antitrust Bureau
New York State Office of the Attorney General
120 Broadway, Suite 26C
New York, NY 10271
(Tel.) 212-416-6360
(Fax) 212-416-6015
saami.zain@ag.ny.gov

**From:** Moore, Charles [mailto:charlesmoore@whitecase.com]
**Sent:** Friday, April 04, 2014 4:38 PM
**To:** Saami Zain; Elinor R. Hoffmann
**Cc:** Carney, Peter J.
**Subject:** RE: Forest Laboratories, Inc. -- Proposed HIPAA Stipulation

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
NOT SUBJECT TO FOIA OR FOIL DISCLOSURE**

1

Dear Counsel:

I am following up on our emails and discussions of this week.

First, thank you for responding to our proposal concerning the HIPAA issue. From Forest's perspective, it is of course important that Forest protect the confidentiality of all potentially individually-identifying medical information, and comply in all respects with any HIPAA obligations that Forest may have in this regard.

To keep the productions moving at the pace that your office is pursuing, we are willing to rely on the position of the New York Attorney General's Office ("NYAG") that 45 C.F.R. 164.512(d) and 45 C.F.R. 164.512(f) permit Forest to produce the NDAs without a prior stipulation that the NYAG's office will treat them highly confidentially, but that we should produce the NDAs separately from other materials noting that they may contain such HIPAA materials. While we hope this is an academic point, in any proceedings, Forest itself would treat HIPAA materials as needing to be filed under seal and we would expect the NYAG's office to act similarly with regard to such HIPAA materials. With that understanding, we plan to produce the first three NDAs on Monday under separate cover letter, with the other three NDAs to be produced later in the week. This initial NDA production will likely be over 700,000 pages.

Second, as discussed, we are not merger counsel and we are pursuing Forest's HSR materials. We expect to be able to provide HSR materials on Tuesday, April 8. As you will be aware, those materials are highly confidential and trade sensitive. The same is true as to the NDAs (especially the ones your office is seeking that have not yet been approved by the FDA). While we do not wish to slow the process down with stipulations, it would be helpful to us internally to be able to explain what protections or provisions your office applies to protect such confidential trade sensitive information. Please let us know what specific protections the NYAG has in place in this regard.

Third, we are working on the items identified in your email of April 2, and are prioritizing them as you have indicated. We did not agree, however, to provide the list of individuals who have communicated about Namenda by this afternoon, nor did we commit to provide the list of NY sales people today. As explained in our call, the Company does not keep that information in a readily available form in the normal course of business. We do expect to have information next week, however, as we produce communications themselves about Namenda, and ahead of the call that we are contemplating later in the week regarding custodians.

Finally, we are available for a call next Friday, April 11, at 3 p.m., as you have proposed, to begin discussions about custodian issues. Although your April 2 e-mail requests an initial search term list in advance of that call, we only discussed providing custodian names in advance of that call. Having said that, we are amenable to having an initial discussion on search term concepts during our April 11 call.

Sincerely,

Charles C. Moore

Charles C. Moore | Associate
T +1 202 637 6175   E charlesmoore@whitecase.com
White & Case LLP | 701 Thirteenth Street, NW | Washington, DC 20005-3807

**From:** Saami Zain [mailto:Saami.Zain@ag.ny.gov]
**Sent:** Thursday, April 03, 2014 11:18 AM
**To:** Moore, Charles; Elinor R. Hoffmann
**Cc:** Carney, Peter J.
**Subject:** RE: Forest Laboratories, Inc. -- Proposed HIPAA Stipulation

Counsel: Thank you for the stipulation. While the Antitrust Bureau does not deal with HIPPA too often, I have been informed by the office that when seeking health care related information in our law enforcement capacity which may contain Protected Health Information under HIPPA, we take the position that written authorization is not required pursuant to 45 CFR 164.512 (d)(disclosures for health care oversight activities) and/or 45 CFR 164.512 (f)(disclosures for

2

# FACSIMILE

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
whitecase.com

Direct Dial + (212) 819-8693    jpace@whitecase.com

te: September 16, 2014    **No. of Pages (including cover):**

Hon. Robert Sweet    **Fax # 212 805-7925**

m: Jack Pace

Forest Laboratories, Inc.

SE NOTE: The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the dual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby d that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in or if any problems occur with transmission, please contact sender or call + 1 212 819 7583. Thank you.

ALMATY ANKARA ASTANA BEIJING BERLIN BRATISLAVA BRUSSELS BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MADRID MEXICO CITY MIAMI MILAN MONTERREY MOSCOW MUNICH NEW YORK PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SILICON VALLEY SINGAPORE STOCKHOLM TOKYO UAE WARSAW WASHINGTON, DC