**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
whitecase.com

Direct Dial + 1 202 626 3609     mgidley@whitecase.com

September 23, 2014

VIA E-MAIL

The Honorable Robert W. Sweet
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY  10007-1312

Re:  *The People of the State of New York v. Actavis, PLC and Forest Laboratories, LLC,*
      14 cv 7473 (S.D.N.Y.)

Dear Judge Sweet:

We represent Defendants in the above-referenced matter. The parties are scheduled to appear before the Court on Wednesday, September 24 concerning the Show Cause Order and the sealing of the Bureau's Complaint.

Since the Bureau filed its Complaint on September 15, we have been actively working with the Bureau to agree on a proposed schedule for the preliminary injunction briefing and hearing. Defendants are in agreement with the proposed schedule set forth in the Bureau's letter to the Court of today.

We write with regard to one additional issue that remains in dispute and that Defendants believe is essential to an orderly briefing and discovery schedule for the case – the initial disclosures the Bureau should make immediately of (a) the transcripts of depositions the Bureau took of Forest witnesses in the investigation and that it has quoted and discussed in the Complaint; and (b) the materials third parties produced to the Bureau in the course of the investigation.

### a. Investigational Deposition Transcripts Must Be Produced

Pursuant to Section 343 of the New York General Business Law, on or before February 28, 2014 the Bureau began investigating Defendants' plans for Namenda. During the course of that investigation, the Bureau took three depositions of Forest employees and former employees. Forest also produced over 1.7 million pages of documents to the Bureau. Indeed, the Bureau

ALMATY  ANKARA  ASTANA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA  HAMBURG  HELSINKI
HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MADRID  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  UAE  WARSAW  WASHINGTON, DC

NEWYORK 9339331

The Honorable Robert W. Sweet

**WHITE & CASE**

September 23, 2014

quoted one of depositions as evidence and discussed Forest testimony in its Complaint (Compl. ¶¶ 103, 108). Yet, despite repeated requests, the Bureau has refused to provide Defendants with copies of the Section 343 deposition transcripts of Forest witnesses.

Throughout the investigation, Defendants have repeatedly demanded access to the transcripts of the testimony of their witnesses. The Bureau's position in response to Defendants' previous requests was that, once the case moved to litigation, Defendants would receive access. The witnesses have not been afforded the opportunity to correct any errors in the transcripts, which becomes more challenging by the day because the depositions took place in July and August and memories fade. Moreover, Defendants have not had access to the transcripts to prepare their defense. Accordingly, once the Complaint was filed, Defendants on September 15, 2014 immediately demanded the transcripts. But despite Defendants' repeated requests for the transcripts, the Bureau's position is that it will produce the transcripts eventually at some unspecified date as part of a larger discovery process, and only if Defendants have agreed to produce certain discovery in return. This is contrary to the Supreme Court's decision in *Hannah v. Larche*, 363 U.S. 420, 446 (1960) (drawing distinction between due process rights in investigative proceedings, as opposed to adjudicative proceedings; for example, FTC investigations meet constitutional due process because "any person investigated by the Federal Trade Commission will be accorded all the traditional judicial safeguards at a subsequent adjudicative proceeding"). The transcripts of Defendants' own testimony should not be held hostage—particularly now that litigation is underway—to be provided only in exchange for additional discovery from Defendants. Defendants are entitled to the transcripts now, and Defendants ask this Court to order their immediate production. See *People v. Anaconda Wire and Cable Co.*, 45 Misc.2d 151, 153 (N.Y. Sup. Ct. 1965) (in Donnelly Act antitrust investigation, Attorney General's use of "Section 343 for the sole purpose of aiding him in [pending litigation] would be grossly unfair and would deprive the defendants of their right to be present at any pretrial examination or to cross-examine *or to obtain a copy of the testimony of the witness*"; vacating Attorney General's subpoenas) (emphasis added).

### b. Documents Produced by Non-Parties to the Bureau During the Investigation

We also understand (and the Bureau has not denied) that the Bureau has taken discovery from third parties as part of its investigation. Although the Bureau states that the materials are not voluminous, the Bureau accumulated that material over many months, has had time to consider it and use it to draft its opening brief in support of its motion for a preliminary injunction.

The Honorable Robert W. Sweet

WHITE & CASE

September 23, 2014

Defendants believe that in the interest of fairness, and given the compressed time frame of the preliminary injunction motion, the Bureau should be ordered to produce all third party discovery in its possession, custody or control upon filing of its opening brief.

Respectfully submitted,

/s/ Mark Gidley

J. Mark Gidley

cc:   Eric J. Stock, Esq.
      Elinor R. Hoffman, Esq.
      Saami Zain, Esq.
      Karla G. Sanchez, Esq.